**NOT FOR PUBLICATION**

JUN 22 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUI MALAMA I KOHOLA; CENTER FOR BIOLOGICAL DIVERSITY; TURTLE ISLAND RESTORATION NETWORK, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE; UNITED STATES DEPARTMENT OF COMMERCE; GARY LOCKE, Secretary of the Department of Commerce, <br><br> Defendants - Appellees, <br><br> HAWAII LONGLINE ASSOCIATION, <br><br> Defendant-intervenor - Appellee. | No. 09-17545 <br><br> D.C. No. 1:09-cv-00112-DAE-BMK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 13, 2011[]
Honolulu, Hawaii

Before: ALARCÓN, WARDLAW, and N.R. SMITH, Circuit Judges.

Plaintiffs Hui Malama I Kohola, the Center for Biological Diversity, and Turtle Island Restoration Network appeal the district court's grant of the defendants' motions for summary judgment. As the parties agree, this appeal is moot in light of the National Marine Fisheries Service's (NMFS's) establishment of a take reduction team for the Hawaii pelagic stock of false killer whales and subsequent submission of a draft take reduction plan. *See* 16 U.S.C. § 1387(f)(3), (6)(A), & (7)(A)(i); *see also Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992).

No exception to mootness applies. As NMFS has formed a take reduction team, the dispute over whether it should do so is not likely to recur, and so this is not a case that is "capable of repetition, yet evading review." *See American Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123-24 (9th Cir. 1997). Similarly, the voluntary cessation exception does not apply, because the formation of the team and submission of a draft plan have "made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur" and "have

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

completely and irrevocably eradicated the effects of the alleged violation." *Porter v. Bowen*, 496 F.3d 1009, 1017 (9th Cir. 2007) (quoting *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979)). There are no collateral continuing legal disputes.

"When a civil case becomes moot pending appellate adjudication, '[t]he established practice . . . is to reverse or vacate the judgment below and remand with a direction to dismiss.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71-72 (1997) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). "Vacatur expunges an adverse decision that would be reviewable had this case not become moot." *Camreta v. Greene*, 131 S. Ct. 2020, 2035 n.10 (citing *Arizonans*, 520 U.S. at 74). NMFS alone possesses the authority to establish a take reduction team; the plaintiffs did not cause mootness through voluntary action. *See United States v. Payton*, 593 F.3d 881, 884-85 (9th Cir. 2010) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994)). We therefore vacate the judgment below, remand, and direct the district court to dismiss this action. *See Arizonans*, 520 U.S. at 71-72.

The judgment is **VACATED** and the case is **REMANDED**.